IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW WILKINS, On Behalf of Himself and All Others Similarly Situated: | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SMASHBURGER MASTER, LLC | : | NO. 24-5184 |

**MEMORANDUM OPINION**

Savage, J.                                                                                           May 8, 2025

Plaintiff Andrew Wilkins is a blind, visually impaired person who uses screen reading software to access websites. As he has done with many other business establishments, Wilkins sued Smashburger Master LLC, complaining that he was unable to utilize its website to gain access to its restaurant.[1] He alleges the website lacks features and accommodations enabling blind and visually impaired persons to navigate the site. He claims his inability to fully access the website violates Section 12182(b)(2)(A) of the Americans with Disabilities Act (ADA) because it denies him the goods and services offered by Smashburger.

Smashburger has moved to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). It argues that Wilkins has not alleged facts showing he has suffered an injury-in-fact necessary to give him standing. Alternatively, it contends he fails to state a claim under Rule 12(b)(6) because the ADA bars denial of access to a physical place of public accommodation only, not a website. Smashburger also argues that Wilkins

---

[1] Pl.'s Status Rep., Nov. 27, 2024, ECF No. 17 ["Status Rep."] (listing all cases Wilkins filed seeking relief under the ADA for the defendant's failure to comply with accessibility requirements).

does not allege how barriers on the website prevented him from accessing a physical location.

## Background

For purposes of the motion, we recite the facts as alleged in the First Amended Complaint. We accept them as true and draw all reasonable inferences from them in favor of Wilkins.

Wilkins is blind and visually impaired.[2] He resides in Exton, Pennsylvania.[3] The defendant, Smashburger Master LLC, maintains restaurants throughout the United States, including Radnor and Springfield, Pennsylvania.[4] Smashburger has a website that provides information about what is offered at Smashburger locations, where the restaurants are located, and how to order online for pickup or delivery from the restaurants.[5]

Wilkins visited Smashburger's website in November 2023 to browse and "potentially" order food.[6] He used Voice Over, a screen reading software.[7] When Wilkins visited the website, he encountered accessibility barriers that prevented him from enjoying the benefits and privileges of Smashburger's website. He could not identify a Smashburger store and consequently was unable to order food.[8] Features on the website

---

[2] First Am. Compl. ¶ 17, ECF No. 4 ["Am. Compl."].

[3] *Id.* ¶ 16.

[4] *Id.* ¶ 20.

[5] *Id.*

[6] *Id.* ¶ 21.

[7] *Id.*

[8] *Id.* ¶ 22.

do not accurately describe the content of graphical images; do not properly label titles; do not distinguish one page from another; and contain multiple broken links, headings that do not describe the topic or purpose, or text that is not read.[9] According to Wilkins, these barriers denied him the use and enjoyment of the website in the same way sighted individuals can.[10] He claims he "intends to visit both the website and the physical locations in the future to obtain food", but can only do so once the barriers on the website are removed.[11] He claims Smashburger's denial of full and equal access to the website violates his rights under the ADA.[12]

## Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(1) is treated similarly to a Rule 12(b)(6) motion. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). Whether a Rule 12(b)(1) motion presents a "facial" or a "factual" attack dictates the scope of review. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). A facial challenge asserts an insufficiency on the face of the complaint. *Id.* A factual attack disputes the factual basis supporting subject matter jurisdiction. *Id.*

Smashburger's jurisdictional motion is a facial attack. Thus, our inquiry is limited to the allegations in the complaint. *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (citation omitted).

---

[9] *Id.* ¶ 24.

[10] *Id.* ¶ 25.

[11] *Id.* ¶ 29.

[12] *Id.* ¶ 12.

We accept the allegations as true and construe them in the light most favorable to the plaintiff to determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction.  *Id.* at n.12; *see also Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).  Hence, in considering this facial challenge under Rule 12(b)(1), we apply the same standard of review used in considering a motion to dismiss under Rule 12(b)(6).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

**Analysis**

*Standing*

Standing limits who can maintain a case in federal court. Absent standing, a plaintiff has no "case" or "controversy" empowering the federal court to exercise jurisdiction. U.S. Const. art. III, § 2.

To establish Article III standing, the plaintiff must demonstrate that: (1) he suffered an injury-in-fact; (2) the injury "is fairly traceable to the challenged conduct of the defendant"; and (3) the injury would likely be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)).

An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan*,

504 U.S. at 560 (citations omitted); *see also Robbins*, 578 U.S. at 339. The plaintiff must show a threat of real injury resulting from the defendant's conduct. *Lewis v. Gov't Employees Insurance Co.*, 98 F.4th 452, 461 (3d Cir. 2024) (quoting *Lutter v. JNESO*, 86 F.4th 111, 127 (3d Cir. 2023)).

The only relief available for a violation of Section 12182(b)(2)(A)(iv) of the ADA is injunctive relief. 42 U.S.C.A. § 12188(a)(2). To establish Article III standing to seek an injunction, the plaintiff must demonstrate a real or immediate threat he will be wronged again—a likelihood of substantial and irreparable injury. *Food and Drug Admin. v. Alliance for Hippocratic Med.*, 602 U.S. 367, 381 (2024); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

The Third Circuit has not directly addressed in a precedential opinion what the plaintiff must show to establish an injury-in-fact in an ADA case. District courts in the circuit have applied either or both of two tests to determine whether the plaintiff has alleged a concrete, imminent, or immediate injury to support standing to maintain an ADA action for an injunction. They are the intent to return test and the deterrent effect test. *Walker v. Sam's Oyster House*, No. 18-193, 2018 WL 4466076, at *1, *3 (E.D. Pa. Sept. 18, 2018). Both tests require that the plaintiff will suffer a future injury when he returns or would return to the business.

The intent to return test requires the plaintiff to allege facts showing that the defendant's discriminatory conduct will continue and the plaintiff intends to return to the defendant's place of business. It does not require an express intent to return to the place. But, it does demand facts from which one can reasonably infer such an intent. This inference may arise from past patronage, proximity to the defendant's place of business

and the plaintiff's home, the plaintiff's connections to the area where the defendant is located, and plaintiff's plans to patronize the business. *Id.*

The deterrent effect test is less demanding than the intent to return test. To satisfy the deterrent effect test, the plaintiff need only plead that: (1) he has actual knowledge of barriers preventing equal access; and (2) he would use the place of business if not for the barriers. *Id.* at *1, *4 (citing *Hollinger v. Reading Health Sys.*, 2016 WL 3762987 at *11 (E.D. Pa. July 14, 2016)). He is not required to prove that he will return.

In a non-precedential opinion, the Third Circuit applied the intent to return test. *Brown v. Mt. Fuji Japanese Rest.*, 615 Fed. Appa's 757, 758 (3d Cir. 2015). It listed the factors to consider when determining whether a plaintiff has demonstrated the requisite likelihood of future injury. They are: (1) the proximity of the defendant's business to plaintiff's residence; (2) plaintiff's past patronage of defendant's business; (3) the definitiveness of plaintiff's plans to return; and (4) plaintiff's frequency of travel near the defendant's business. *Id.*

A plaintiff's intent to return "someday" is not enough. The stated intention must be accompanied by a description of "concrete plans." *Id.*

Wilkins has barely alleged sufficient facts to support a reasonable inference that he intends to return to the Smashburger website and to visit a Smashburger store in the future. He has not alleged that he has patronized Smashburger in the past. But, although the lack of past patronage casts doubt on the plaintiff's purported present intent to visit the business in the future, it does not necessarily preclude it.

Wilkins lives in Exton, Pennsylvania and Smashburger has locations nearby in

6

Radnor and Springfield.[13] He does not allege that he frequently travels near those locations. Nonetheless, the inference is that he was close enough to the restaurants to visit them.

Wilkins's allegations make out an injury-in-fact under both tests. He has alleged that he would have ordered food had he not been denied access to the website and consequently the restaurants. He visited the website with the intent of "browsing" and "potentially" ordering food.[14] He also claims he intends to visit both the website and the physical locations to obtain food in the future.[15] The allegations describe a person who acted not unlike a potential diner who stopped at a restaurant to peruse a menu before deciding to dine there. The inference is that if he found something he liked on the website, he would have ordered food and visited the restaurant in the future.

Having filed more than 50 cases asserting the same ADA claim against other establishments, Wilkins appears to be a tester, not a consumer.[16] It suggests that he did not intend to patronize Smashburger then or in the future. His litigiousness is a factor to consider in applying the intent to return and the deterrent effect tests. It calls for a credibility determination that is for the factfinder.

Wilkins's allegations are thin. Nevertheless, he has sufficiently alleged that he "intends to visit both the website and the physical location in the future to obtain food."[17] Wilkins claims he encountered barriers to accessing the website that prevented him from

---

[13] *Id.* ¶¶ 16, 20.

[14] *Id.* ¶ 21.

[15] *Id.* ¶ 29.

[16] *See* Status Rep.

[17] Am. Compl. ¶ 29

locating a nearby Smashburger and ordering food. These allegations are enough to show a concrete injury.

At this stage, we accept Wilkins's allegations as true. Whether he can prove them is a different matter. We must accept that he "intends to visit both the website and the physical locations in the future to obtain food."[18] Discovery may prove otherwise. At that time, Smashburger may again raise the standing issue. *See Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

*Rule 12(b)(6): Dismissal for Failure to State a Claim*

The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title III of the ADA applies only to discrimination in the full and equal enjoyment of a place of public accommodation. *Id.*

Under the ADA, a "public accommodation" is a physical place. *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613–14 (3d Cir. 1998). To state a claim under this provision, the plaintiff must demonstrate "at the very least some 'nexus' between the physical place of public accommodation and the services denied in a discriminatory manner." *Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 120 (3d Cir. 1998) (citing *Ford*, 145 F.3d at 613).

Smashburger relies on *Ford v. Schering-Plough Corp.*[19] In that case, the Third

---

[18] *Id.*

[19] Mem. of L. in Supp. of Mot. to Dismiss Am. Compl. 6, ECF No. 6-1.

8

Circuit Court of Appeals held that the plaintiff had failed to state an ADA claim because the denial of disability benefits had no connection to the insurer's physical office. 145 F.3d at 612–13. Accordingly, the Court concluded that she "was not discriminated against in connection with a public accommodation." *Id.* at 613. The Court explained that "an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled." *Id.*; *see also James v. GEICO Ins. Co.*, No. 16-CV-2757, 2016 WL 9776068, at *4 (E.D. Pa. Nov. 16, 2016) (dismissing plaintiff's ADA claim where her allegations of discriminatory conduct were "all related to the administration of the insurance policy and the benefits provided under it, not [insurer's] physical offices").

In *Doe v. Independence Blue Cross*, we dismissed plaintiff's ADA claim because there was no nexus to the defendant's physical location. 703 F.Supp.3d 540, 551 (E.D. Pa. 2023). As in *Ford*, Doe's claims arose from the administration of an insurance policy and not from the accessibility of the insurer's offices. Doe was not denied access to IBX's place of business.

*Ford* is distinguishable from this case. The insurance policy in that case had no connection to the defendant insurance company's place of business. The plaintiff had no intention to enter the business. The claim had no relationship to the plaintiff's ability or inability to access the place of accommodation. In short, there was no barrier to the place—the insurance company's office.

Wilkins's inability to navigate Smashburger's website impaired his ability to access its place of business. Because he could not access the website, he was unable to visit the physical place of business or to order food from there. If Wilkins cannot use the

9

website, he cannot locate a nearby Smashburger restaurant, get directions, order food, or review the menu and offerings. Unlike a non-visually impaired prospective customer, he cannot see if Smashburger offers anything he might wish to eat in order to decide to visit and eat there or take out. So, if a blind, visually impaired person cannot use the website, it is a barrier to accessing the place of public accommodation.

      We conclude that given the connection between the website and the physical place of public accommodation, the denial of access to the website to a visually impaired person discriminates against that disabled person in violation of the ADA.

## Conclusion

      Wilkins has alleged enough facts to overcome the facial attack on his standing. He has also alleged facts showing that he was denied access to a public place of accommodation—Smashburger's restaurant. Therefore, we shall deny Smashburger's motion to dismiss.